# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

In Re: TINA L. CARPENTER,
                              *Debtor.*

---

WAL-MART STORES, INCORPORATED,
          *Plaintiff-Appellee,*

v.

TINA L. CARPENTER,
              *Defendant-Appellant.*

No. 00-2348

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CA-00-143, BK-98-26470-SCS, AP-98-01290)

Argued: May 8, 2001

Decided: June 3, 2002

Before MICHAEL and GREGORY, Circuit Judges, and
Arthur L. ALARCON, Senior Circuit Judge of the United States
Court of Appeals for the Ninth Circuit, sitting by designation.

---

Affirmed by unpublished per curiam opinion. Judge Michael wrote a
dissenting opinion.

---

## COUNSEL

**ARGUED:** Carolyn Louise Camardo, MARCUS, SANTORO,
KOZAK & MELVIN, P.C., Portsmouth, Virginia, for Appellant.

Michael Stephen Cessna, Corporate Appellate Counsel, WAL-MART IN-HOUSE LITIGATION TEAM, Bentonville, Arkansas, for Appellee. **ON BRIEF:** Kyle L. Holifield, Corporate Appellate Counsel, WAL-MART IN-HOUSE LITIGATION TEAM, Bentonville, Arkansas, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

The bankruptcy and district courts held that Wal-Mart Stores, Inc., the sponsor and administrator of a health benefits plan with a reimbursement provision, had an equitable lien on personal injury settlement proceeds received by a Wal-Mart employee, Tina L. Carpenter, after she filed for bankruptcy. We affirm.

The facts are not in dispute. On November 13, 1994, Carpenter was seriously injured in an automobile wreck caused by a third party. At the time of the accident, Carpenter worked for Wal-Mart and participated in the Wal-Mart Group Health Plan (the Plan). Wal-Mart sponsors and administers the Plan, which is a self-funded, self-insured health benefits plan. The Plan is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. (ERISA). Although a copy of the Plan was not introduced into evidence, the parties stipulated as follows: "Pursuant to the terms of the plan, in the event of the payment of benefits to a participant due to an injury to such participant caused by acts of a third-party, the plan retains the right of subrogation to claims of the participant against such third-party, and the right to reimbursements for recoveries of the participant from such third-party." On July 6, 1995, after the accident, Carpenter signed a "Subrogation Rights Notification Acknowledgment," acknowledging that she was aware of the Plan's subrogation and reimbursement provision.

Carpenter's medical expenses stemming from the accident totaled nearly $300,000, and the Plan paid her $106,935.11 in benefits. Carpenter was overwhelmed by her medical bills, and she filed an involuntary Chapter 7 bankruptcy petition on September 1, 1998. On October 13, 1998, within a few weeks of her bankruptcy filing, Carpenter received $125,000 in settlement from the third party who had caused her injuries. Shortly thereafter, Carpenter amended her bankruptcy schedules to reflect the settlement and to claim the proceeds as exempt under 11 U.S.C. § 522(b)(2) and Va. Code Ann. § 34-28.1. (Va. Code Ann. § 34-28.1 exempts the proceeds of personal injury settlements.) On November 25, 1998, Wal-Mart filed an adversary proceeding against Carpenter, seeking (1) a declaratory judgment that it has an equitable lien on the settlement proceeds under the terms of the Plan and (2) an order requiring Carpenter to pay the settlement proceeds to Wal-Mart.

The bankruptcy court held a short bench trial on Wal-Mart's complaint. The court found as follows: "In contracting for the right to reimbursement, Carpenter evidenced an intent to charge particular property, namely the proceeds of any subsequent recovery she would receive, with a particular obligation, namely the obligation to repay amounts paid out by Wal-Mart under the Plan. Carpenter further evidenced her assent to that provision by subsequently signing the Acknowledgment." *In re Carpenter*, 245 B.R. 39, 47 (Bankr. E.D. Va. 2000). Based on this, the bankruptcy court found that Wal-Mart has an equitable lien on the proceeds of Carpenter's recovery. The court, in other words, "recognized Wal-Mart's security interest in [Carpenter's] settlement proceeds and . . . determined that nothing prevents Wal-Mart from foreclosing on that interest." *Id.* at 53. Finally, the bankruptcy court ordered Carpenter to pay over the settlement proceeds (less attorneys fees and costs) to Wal-Mart. *Id.* The district court affirmed, *see In re Carpenter*, 252 B.R. 905 (E.D. Va. 2000), and Carpenter appeals to us.

After oral argument we placed this appeal in abeyance pending the Supreme Court's decision in *Great-West Life & Annuity Ins. Co. v. Knudson*, ___ U.S. ___, 122 S. Ct. 708 (2002), a case that deals with the extent to which ERISA authorizes a plan administrator to enforce a plan's reimbursement provision. In *Knudson* the personal injury proceeds had been paid directly into a trust, and the money therefore

was not in the hands of the ERISA plan beneficiaries. *Id.* at 715. The plan brought a contract action against the beneficiaries, seeking legal relief under the plan's reimbursement provision. The Supreme Court held that ERISA § 502(a)(3) did not authorize the action because the plan was seeking legal relief. *Id.* at 719. The Court indicated that if the plan administrator had been seeking an equitable lien on particular property in the hands of the plan beneficiaries, such a suit would sound in equity and would be authorized by § 502(a)(3). *Id.* at 714-15. *Knudson* therefore does not affect the conclusion of the bankruptcy and district courts that Wal-Mart has an enforceable equitable lien on Carpenter's settlement proceeds. We agree with the conclusion of the bankruptcy and district courts, and we affirm on their reasoning. *See In re Carpenter*, 245 B.R. 39 (Bankr. E.D. Va. 2000); *In re Carpenter*, 252 B.R. 905 (E.D. Va. 2000).

*AFFIRMED*

MICHAEL, Circuit Judge, dissenting:

I respectfully dissent because I do not believe that Wal-Mart presented sufficient evidence to allow an equitable lien to be imposed on Carpenter's personal injury settlement proceeds. The Plan was not placed in evidence, and the bankruptcy court acknowledged that "it cannot be ascertained from the record whether the terms of the Plan specifically call for the imposition of an equitable lien." *In re Carpenter*, 245 B.R. 39, 47 (Bankr. E.D. Va. 2000). Nevertheless, the bankruptcy court found (and the district court agreed) that the existence of the reimbursement provision, and Carpenter's signed acknowledgment of that provision, evidence her intent to subject the settlement proceeds to a lien. This evidence falls short of the strict proof of intent necessary to create a security interest giving rise to an equitable lien. *See, e.g.*, *In re O.P.M. Leasing Services, Inc.*, 23 B.R. 104, 119 (Bankr. S.D.N.Y. 1982).